KRAUS v. CENTURY GAS & ELECTRIC FIXTURE CO.

(Supreme Court, Appellate Division, First Department. February 13, 1914.)

1. ATTORNEY AND CLIENT (§ 174*)—COMPENSATION AND LIEN OF ATTORNEY—
   RIGHT TO LIEN.
      Where a substitution of the defendant's attorney followed defendant's bankruptcy, the attorney was entitled to a lien on defendant's counterclaim and its proceeds for fees already earned in the action, but not to instant payment as he might be if the change were due to the defendant's own volition.

      [Ed. Note.—For other cases, see Attorney and Client, Cent. Dig. §§ 378–380, 382, 385; Dec. Dig. § 174.*]

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

2. BANKRUPTCY (§ 345*)—CLAIMS—COMPENSATION AND LIEN OF ATTORNEY—RIGHT TO LIEN.

An attorney for whom another is substituted upon his client's becoming bankrupt stands in the same position as any other creditor respecting services not rendered in the action, except that he is entitled to a charging lien upon the papers in his hands.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. §§ 531, 532, 534, 539, 540; Dec. Dig. § 345.*]

Appeal from Special Term, New York County.

Action by Julia Kraus against the Century Gas & Electric Fixture Company. From an order of substitution, Frederick R. Rich, trustee in bankruptcy of the defendant, appeals. Modified and affirmed.

Argued before INGRAHAM, P. J., and McLAUGHLIN, LAUGHLIN, CLARKE, and SCOTT, JJ.

Morrison & Schiff, of New York City, for appellant.

Frank Schwartz, of New York City, for respondent.

PER CURIAM. [1, 2] The attorney for the defendant is entitled to a lien upon the counterclaim for his fees already earned in the action and for his disbursements made therein. He is not entitled to instant payment as he might be if the case were one in which a party of his own volition desired to change his attorney. Here the change followed upon the bankruptcy of the defendant. The order must be so amended as to secure to the attorney a lien upon the counterclaim and its proceeds, if any, and payment out of these proceeds when realized. As to the sum for past services, not in this action, the attorney stands in the position of any other creditor, except that he is entitled to a charging lien upon the papers in his hands.

The order appealed from will be modified accordingly, and as so modified affirmed, without costs.